DEKLE, Justice.
Petition for certiorari here is directed toward an order of the Public Service Commission which granted to another armored car service a certificate of public convenience and necessity to transport in common carriage money and other valuables in Bay County and an adjoining portion of Washington County. Two Panama City, Florida, banks, the Panama City National Bank (formerly Bay National Bank) and the First National Bank of Panama City (formerly “of St. Andrews”) previously provided pickup service to its own customers in an armored car owned by one of the banks. This was halted as an illegal banking practice by the federal district court, Northern District of Florida. (We refer to this more fully hereafter.)
Petitioners assert that the same banks have now “created” The Messenger, Inc., the successful applicant here, for the same purpose and suggest that the Commission failed to penetrate the agreements between *450 the banks and Messenger, Inc. They also assert that the personnel involved are so tied together as to be one and the same and not an independent entity. Petitioner asserts, thirdly, that Messenger, Inc., does not meet the qualifications under the certificate to transport money and securities.
We examine first the claim that the practice of a bank providing its own armored car service constitutes a breach of “branch banking’’ as prohibited by Fla.Stat. 659.06, F.S.A. This question was entirely dealt with by the federal district court by injunction on May 21, 1970, in the case of Dickinson v. Bay National and First National Banks, U. S. District Court, Northern District of Florida, F.Supp. That opinion referred to First National Bank in Plant City v. Dickinson, 396 U.S. 122, 90 S.Ct. 337, 24 L.Ed.2d 312 (1969), on the subject of prohibited “branch banking” in Florida and enjoined the transporting of deposits from customers to banks “in an armored car owned by Bay National Bank.” [Emphasis ours.] The continuing complaint here to the same effect must be carried back to the federal district court, if such contention be well founded. This is not a matter for the Public Service Commission’s determination nor for this court’s review.
The basic question on petitioner’s other contentions is really dependent upon whether the record shows competent substantial evidence supporting the Commission’s granting of the certificate. A review of the rather substantial record convinces us that it is so supported and that the petition is not well founded.
Since the order of the Commission comports with the essential requirements of law, the petition for certiorari is
Denied.
ROBERTS, C. J., ERVIN and CARLTON, JJ., and CREWS, Circuit Judge, concur.